Robert N. H. Christmas, Esq.
Christopher J. Fong, Esq.
NIXON PEABODY LLP
55 West 46th Street
New York, New York 10036
Telephone: (212) 940-3000

*Counsel for John Sheahan as Liquidator of*
*B.C.I. Finances Pty Limited (In Liquidation)*
*Binqld Finances Pty Limited (In Liquidation)*
*E.G.L. Development (Canberra) Pty Limited (In Liquidation)*
*Ligon 268 Pty Limited (In Liquidation)*
*Gerobin Finances Pty Ltd (In Liquidation)*
*Erbin Finances Pty Ltd (In Liquidation)*
*Rawbin Finances Pty Ltd (In Liquidation)*
*Marbin Finances Pty Ltd (In Liquidation)*
*Erma Nominees Pty Ltd (In Liquidation)* and
*Ligon 158 Pty Ltd (In Liquidation)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
|  |  |
|---|---|
| In re: | : |
|  | : Chapter 15 |
| GEROBIN FINANCES PTY LIMITED (In Liquidation), | : |
|  | : Case No. 21-11699 |
|  | : |
| Debtor in a Foreign Proceeding. | : |
|  | : |

------------------------------------------------------------------------x

------------------------------------------------------------------------x
|  |  |
|---|---|
| In re: | : |
|  | : Chapter 15 |
| ERBIN FINANCES PTY LIMITED (In Liquidation), | : |
|  | : Case No. 21-11700 |
|  | : |
| Debtor in a Foreign Proceeding. | : |
|  | : |

------------------------------------------------------------------------x

```
-----------------------------------------------------------------------x
                                          :
In re:                                    :
                                          :   Chapter 15
RAWBIN FINANCES PTY LIMITED (In Liquidation),  :
                                          :   Case No. 21-11701
                                          :
          Debtor in a Foreign Proceeding. :
                                          :
-----------------------------------------------------------------------x
```

```
-----------------------------------------------------------------------x
                                          :
In re:                                    :
                                          :   Chapter 15
MARBIN FINANCES PTY LIMITED (In Liquidation),  :
                                          :   Case No. 21-11702
                                          :
          Debtor in a Foreign Proceeding. :
                                          :
-----------------------------------------------------------------------x
```

```
-----------------------------------------------------------------------x
                                          :
In re:                                    :
                                          :   Chapter 15
ERMA NOMINEES PTY LIMITED (In Liquidation),  :
                                          :   Case No. 21-11703
                                          :
          Debtor in a Foreign Proceeding. :
                                          :
-----------------------------------------------------------------------x
```

```
-----------------------------------------------------------------------x
                                          :
In re:                                    :
                                          :   Chapter 15
LIGON 158 PTY LIMITED (In Liquidation)    :
                                          :   Case No. 21-11706
                                          :
          Debtor in a Foreign Proceeding. :
                                          :
-----------------------------------------------------------------------x
```

## DECLARATION OF TOBIN P. MEAGHER

TOBIN PHILIP MEAGHER, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of

perjury as follows:

1.      I am a legal practitioner and a partner of the firm Clayton Utz of 1 Bligh Street,

Sydney, New South Wales, Australia.  I am the solicitor for Mr John Sheahan in his capacity as

liquidator (the "Liquidator"), as appointed pursuant to section 472(1) of the *Corporations Act

2001* (Cth) (the "Corporations Act"), an Act of the Federal Parliament of Australia, of each of:

> a. Gerobin Finances Pty Limited (in Liquidation) (Australian Company Number 140
>    586 410) ("Gerobin"),
>
> b.  Erbin Finances Pty Ltd (In Liquidation) (Australian Company Number 138 259
>    800) ("Erbin"),
>
> c. Rawbin Finances Pty Ltd (In Liquidation) (Australian Company Number 140 576
>    549) ("Rawbin"),
>
> d. Marbin Finances Pty Ltd (In Liquidation) (Australian Company Number 140 572
>    970) ("Marbin"),
>
> e. Erma Nominees Pty Ltd (In Liquidation) (Australian Company Number 000 957
>    040) ("Erma") and
>
> f. Ligon 158 Pty Ltd (In Liquidation) (Australian Company Number 003 464 015)
>    ("Ligon 158")

(collectively, the "Companies", and each individually a "Company").

- 3 -

2.      I am admitted to practise in the Supreme Court of New South Wales, the Federal

Court and the High Court of Australia.

3.      This Declaration is comprised of matters that are statements of legal opinion

and/or statements of fact.  Where the matters stated in this declaration are statements of legal

opinion, such statements represent my view of the laws of Australia and the State of New South

Wales as a lawyer admitted to practise in those jurisdictions.

4.      Where the matters stated in this Declaration are statements of fact that are within

my personal knowledge, they are true.  Where the matters stated in this Declaration are

statements of fact that are not within my personal knowledge, they are derived from documents

and/or information supplied to me by or on behalf of the Liquidator and are true to the best of my

knowledge, information and belief.

5.      I make this Declaration in support of the Liquidator's *Verified Petition Under

Chapter 15 for Recognition of a Foreign Main Proceeding* in respect of each of the Companies

filed contemporaneously with this Declaration (the "Verified Petitions", of which there are six in

total[1]), seeking this Court's recognition of each Company's respective Australian liquidation

proceeding as a "foreign main proceeding" as that term is defined pursuant to section 1502(4) of

---

[1] Where one of the six Verified Petitions is referred to individually hereafter, it is referred to
as the Gerobin Verified Petition, Erbin Verified Petition, Rawbin Verified Petition, Marbin
Verified Petition, Erma Verified Petition or Ligon 158 Verified Petition, as appropriate.

title 11 of the United States Code, 11 U.S.C. § § 101-1532, as amended from time to time (the "Bankruptcy Code").

## A.    Introduction

Gerobin

6.    Gerobin was registered as a company on November 16, 2009 under the Corporations Act. Gerobin is identified by its Australian Company Number (ACN) 140 586 410. Gerobin's registered office with the Australian corporate regulator, the Australian Securities and Investments Commission ("ASIC"), is situated at Level 8, 26 Flinders Street, Adelaide, South Australia, Australia.

7.    ASIC is a Commonwealth statutory corporation created by section 7 of the *Australian Securities* and *Investments Commission Act 1989* (Cth), and is continued in existence by section 261 of the *Australian Securities and Investments Commission Act 2001* (Cth) (the "ASIC Act"). ASIC has powers found in the ASIC Act as well as in the Corporations Act.

8.    Gerobin operated as an intercompany borrowing and lending entity within a group of companies controlled and operated by the Binetter family.

9.    On February 5, 2019, the Liquidator, together with Mr. Ian Russell Lock, was appointed as joint and several liquidator of Gerobin in a court-ordered winding up by order of the Supreme Court of New South Wales pursuant to section 472(1) of the Corporations Act. A copy of the order of the Court dated February 5, 2019 is attached to the Gerobin Verified Petition as Annexure A. A copy of the document filed with ASIC on February 5, 2019 evidencing that appointment is attached to the Gerobin Verified Petition as Annexure B. The Liquidator was

- 5 -

previously (with Mr. Lock) appointed as joint and several liquidator of Gerobin in a voluntary

winding up by a resolution of the sole member of Gerobin on October 9, 2018.[2] A copy of the

resolution of the member of Gerobin is attached to the Gerobin Verified Petition as <u>Annexure C</u>.

<u>Erbin</u>

10.     Erbin was registered as a company on July 13, 2009 under the Corporations Act.

Erbin is identified by its Australian Company Number (ACN) 138 259 800.  Erbin's registered

office with ASIC is situated at Level 8, 26 Flinders Street, Adelaide, South Australia, Australia.

11.     Erbin operated as an intercompany borrowing and lending entity within a group of

companies controlled and operated by the Binetter family.

12.     On February 5, 2019, the Liquidator, together with Mr. Ian Russell Lock, was

appointed as joint and several liquidator of Erbin in a court-ordered winding up by order of the

Supreme Court of New South Wales pursuant to section 472(1) of the Corporations Act.  A copy

of the order of the Court dated February 5, 2019 is attached to the Erbin Verified Petition as

<u>Annexure A</u>.  A copy of the document filed with ASIC on February 5, 2019 evidencing that

appointment is attached to the Erbin Verified Petition as <u>Annexure B</u>.  The Liquidator was

previously (with Mr. Lock) appointed as joint and several liquidator of Erbin in a voluntary

winding up by a resolution of the sole member of Erbin on October 9, 2018.[3] A copy of the

resolution of the member of Erbin is attached to the Erbin Verified Petition as <u>Annexure C</u>.

---

[2] The resolution was passed in New York on October 8, 2018. The liquidation has at all
times been treated in Australia as having commenced on the following day, Australian time.

[3] The resolution was passed in New York on October 8, 2018. The liquidation has at all
times been treated in Australia as having commenced on the following day, Australian time.

Rawbin

13.    Rawbin was registered as a company on November 16, 2009 under the
Corporations Act.  Rawbin is identified by its Australian Company Number (ACN) 140 576 549.
Rawbin's registered office with ASIC is situated at Level 8, 26 Flinders Street, Adelaide, South
Australia, Australia.

14.    Rawbin operated as an intercompany borrowing and lending entity within a group
of companies controlled and operated by the Binetter family.

15.    On February 5, 2019, the Liquidator, together with Mr. Ian Russell Lock, was
appointed as joint and several liquidator of Rawbin in a court-ordered winding up by order of the
Supreme Court of New South Wales pursuant to section 472(1) of the Corporations Act.  A copy
of the order of the Court dated February 5, 2019 is attached to the Rawbin Verified Petition as
Annexure A.  A copy of the document filed with ASIC on February 5, 2019 evidencing that
appointment is attached to the Rawbin Verified Petition as Annexure B.  The Liquidator was
previously (with Mr. Lock) appointed as joint and several liquidator of Rawbin in a voluntary
winding up by a resolution of the sole member of Rawbin on October 9, 2018.[4] A copy of the
resolution of the member of Rawbin is attached to the Rawbin Verified Petition as Annexure C.

Marbin

16.    Marbin was registered as a company on November 16, 2009 under the
Corporations Act.  Marbin is identified by its Australian Company Number (ACN) 140 572 970.

---

[4] The resolution was passed in New York on October 8, 2018. The liquidation has at all
times been treated in Australia as having commenced on the following day, Australian time.

Marbin's registered office with ASIC is situated at Level 8, 26 Flinders Street, Adelaide, South Australia, Australia.

17.     Marbin operated as an intercompany borrowing and lending entity within a group of companies controlled and operated by the Binetter family.

18.     On February 5, 2019, the Liquidator, together with Mr. Ian Russell Lock, was appointed as joint and several liquidator of Marbin in a court-ordered winding up by order of the Supreme Court of New South Wales pursuant to section 472(1) of the Corporations Act. A copy of the order of the Court dated February 5, 2019 is attached to the Marbin Verified Petition as Annexure A. A copy of the document filed with ASIC on February 5, 2019 evidencing that appointment is attached to the Marbin Verified Petition as Annexure B. The Liquidator was previously (with Mr. Lock) appointed as joint and several liquidator of Marbin in a voluntary winding up by a resolution of the sole member of Marbin on October 9, 2018.[5] A copy of the resolution of the member of Marbin is attached to the Marbin Verified Petition as Annexure C.

Erma

19.     Erma was registered as a company on November 4, 1971 under predecessor legislation to the Corporations Act and is taken to be registered under the Corporations Act. Erma is identified by its Australian Company Number (ACN) 000 957 040. Erma's registered office with ASIC is situated at Level 8, 26 Flinders Street, Adelaide, South Australia, Australia.

---

[5] The resolution was passed in New York on October 8, 2018. The liquidation has at all times been treated in Australia as having commenced on the following day, Australian time.

20.    Erma operated as an investment vehicle with extensive dealings with several intercompany borrowing and lending entities within a group of companies controlled and operated by the Binetter family.

21.    On February 5, 2019, the Liquidator, together with Mr. Ian Russell Lock, was appointed as joint and several liquidator of Erma in a court-ordered winding up by order of the Supreme Court of New South Wales pursuant to section 472(1) of the Corporations Act.  A copy of the order of the Court dated February 5, 2019 is attached to the Erma Verified Petition as Annexure A.  A copy of the document filed with ASIC on February 5, 2019 evidencing that appointment is attached to the Erma Verified Petition as Annexure B. The Liquidator was previously (with Mr. Lock) appointed as joint and several voluntary administrator of Erma by a resolution of the directors of Erma on October 12, 2018[6] pursuant to section 436A of the Corporations Act. A copy of the resolution of the directors of Erma is attached to the Erma Verified Petition as Annexure C. The Liquidator was subsequently appointed as joint and several liquidator of Erma in a voluntary winding up by a resolution of the creditors passed pursuant to section 439C of the Corporations Act on November 12, 2018.  A copy of the minutes of the meeting of creditors recording the resolution to wind up Erma is attached to the Erma Verified Petition as Annexure D.

---

[6] The resolution was passed in New York on October 11, 2018. The voluntary administration has at all times been treated in Australia as having commenced on the following day, Australian time.

Ligon 158

22.     Ligon 158 was registered as a company on February 26, 1988 under predecessor

legislation to the Corporations Act and is taken to be registered under the Corporations Act.

Ligon 158 is identified by its Australian Company Number (ACN) 003 464 015.  Ligon 158's

registered office with ASIC is situated at Level 8, 26 Flinders Street, Adelaide, South Australia,

Australia.

23.     Ligon 158 operated as an investment vehicle with extensive dealings with several

intercompany borrowing and lending entities within a group of companies controlled and

operated by the Binetter family.

24.     On February 5, 2019, the Liquidator, together with Mr. Ian Russell Lock, was

appointed as joint and several liquidator of Ligon 158 in a court-ordered winding up by order of

the Supreme Court of New South Wales pursuant to section 472(1) of the Corporations Act.  A

copy of the order of the Court dated February 5, 2019 is attached to the Ligon 158 Verified

Petition as Annexure A.  A copy of the document filed with ASIC on February 5, 2019

evidencing that appointment is attached to the Ligon 158 Verified Petition as Annexure B.  The

Liquidator was previously (with Mr. Lock) appointed as joint and several voluntary

administrator of Ligon 158 by a resolution of the directors of Ligon 158 on October 12, 2018[7]

pursuant to section 436A of the Corporations Act. A copy of the resolution of the directors of

Ligon 158 is attached to the Ligon 158 Verified Petition as Annexure C. The Liquidator was

---

[7] The resolution was passed in New York on October 11, 2018. The voluntary
administration has at all times been treated in Australia as having commenced on the following
day, Australian time.

subsequently appointed as joint and several liquidator of Ligon 158 in a voluntary winding up by

a resolution of the creditors passed pursuant to section 439C of the Corporations Act on

November 12, 2018. A copy of the minutes of the meeting of creditors recording the resolution

to wind up Ligon 158 is attached to the Ligon 158 Verified Petition as Annexure D.

General - All Companies

25.     Upon the making of the February 5, 2019 orders referred to in paragraphs 9, 12,

15, 18, 21 and 24 above, the Liquidator, together with Mr Lock, commenced a compulsory

winding up of each of the Companies pursuant to the Corporations Act. A compulsory winding

up is a Court-ordered dissolution of a company, with its assets being collected and realised, and

its debts and liabilities discharged, with any remaining balance distributed among the equity

holders, following which the company is deregistered. A liquidator is an officer of the Court.

26.     The conduct of a compulsory winding up is governed by the Corporations Act,

including Schedule 2 to the Corporations Act, called the Insolvency Practice Schedule

(Corporations) ("IPSC") (Corporations Act, § 600K). The liquidation process and a liquidator's

conduct are subject to the ultimate supervision of the Court (where the term "Court" is defined in

the relevant sections of the Corporations Act as, relevantly, either the Federal Court of Australia

or the Supreme Court of a State or Territory (Corporations Act § 58AA)).

27.     Mr. Ian Russell Lock resigned from his position as joint and several liquidator of

each of the Companies effective from June 30, 2021. A copy of the order of the Federal Court of

Australia dated June 4, 2021 evidencing that resignation is attached as Annexure D to each of the

Gerobin Verified Petition, Erbin Verified Petition, Rawbin Verified Petition and Marbin Verified

Petition, and Annexure E to the Ligon 158 Verified Petition and the Erma Verified Petition, filed

contemporaneously with this Declaration. Since that time, the Liquidator has been the sole liquidator of the Companies.

## B.    Effects of a compulsory winding up on creditors

28.    Upon the commencement of the compulsory winding up, all court proceedings and enforcement actions against the Company[8] are stayed, unless the Court gives leave to continue such actions or proceedings (Corporations Act, § 471B).

29.    The policy of the Corporations Act is that all creditors must be dealt with in the liquidation and may only be paid from the "common pool" of funds that are available. Creditors must prove their debts and claims in accordance with the process laid down (described below). Creditors are therefore prohibited from directly enforcing their claims against the Company or its property, and any disposition of the Company's property made after the commencement of the compulsory winding up, other than certain exempt dispositions (including those made by, or with the consent of, the Liquidator) is void, unless the Court orders otherwise (Corporations Act, § 468).

30.    The restriction on creditors' rights does not apply to secured creditors, who retain the right to enforce their security despite the commencement of winding up (Corporations Act, § 471C).

---

[8] References hereafter to "the Company" may be read as references to any or all of the Companies.

C.    **Liquidator's Duties**

31.    The Liquidator owes a fiduciary duty to the Company, the Company's creditors and the Company's members as a whole.  In addition, by virtue of the Corporations Act, the Liquidator is an officer of the Company who owes the following statutory duties:

>    a.    to act honestly, in good faith, for proper purposes and in the best interests of the Company (Corporations Act, § 181);
>
>    b.    to avoid a conflict of the Liquidator's personal interests with the interests of the Company, including not improperly using his position as Liquidator to gain an advantage (Corporations Act, § 182); and
>
>    c.    to not make improper use of inside information to gain an advantage (Corporations Act, § 183).

32.    The Court enforces compliance with these fiduciary and statutory duties.

33.    The Liquidator is also bound by the following statutory and common law duties:

>    a.    to be, and to be seen to be, independent and impartial, and not to favour anyone nor act as the mouthpiece of any particular creditor (*Re Intercontinental Properties Pty Ltd* (1977) 2 ACLR 488);
>
>    b.    to complete the administration of the affairs of the Company within a reasonable time and without protracting the liquidation where there is no reason to do so (Corporations Act, § 480(a));
>
>    c.    to seek the advice of professionals in areas in which the Liquidator is not qualified, including, if applicable, to obtain legal advice (*City & Suburban v Smith as liquidator of Conpac* (1998) 28 ACSR 328);

    d.   to act with a reasonable degree of care and skill (*Gray v Bridgestone Aust Ltd* (1986) 4 ACLC 330);

    e.   to preserve and take possession of assets of the Company, including taking an inventory of assets, insuring them, wisely investing funds and defending any legal action against the Company for recovery of assets or claims for damages; and

    f.   to keep proper books (accounts and records) containing entries or minutes of proceedings at meetings and other such matters as prescribed (IPSC, § 70-10).

## D.    Liquidator's Powers

34.    During the course of the Company's compulsory winding up, an officer of the Company must not perform or exercise a function or power of that office (Corporations Act § 198G), and save for any enforcement by secured creditors against secured collateral granted by the Company, the Liquidator assumes exclusive control over the Company's property, business and affairs. The Liquidator has a number of specific powers, including:

    a.   the power to collect the Company's property and apply it in discharge of its liabilities (Corporations Act, § 478(1)(a));

    b.   the power to settle a list of contributories (persons liable as shareholder members or past members to contribute to the Company's property on the winding up) (Corporations Act, § 478(1A));

    c.   the power to rectify the register of members (Corporations Act, § 478(1B));

    d.   the power to bring or defend legal proceedings in the name of the Company (Corporations Act, § 477(2)(a));

- 14 -

e.  ascertaining and taking possession of all property of the Company
(Corporations Act, § 474(1));

f.  the power to sell, or otherwise dispose of, all or any part of the Company's
property (Corporations Act, § 477(2)(c));

g.  the power to appoint a solicitor to help the Liquidator with his duties
(Corporations Act, § 477(2)(b));

h.  the power to do all acts and execute in the Company's name and on behalf
of the Company all deeds, receipts and other documents, and when
necessary, use the Company's seal (Corporations Act, § 477(2)(d)); and

i.  the power to draw, make and endorse any bill of exchange or promissory
note in the name and on behalf of the Company (Corporations Act,
§ 477(2)(f)).

35.    The Liquidator's powers are conferred on him for the purpose of completing the
winding up.  These powers also include:

a.  the ability to apply to the Court to obtain an order that those in possession
deliver up the records or the property of the Company (Corporations Act,
§ 483(1));

b.  the power to fix a time within which debts and claims must be proved
(Corporations Act, § 488(1)(d), *Federal Court (Corporations) Rules* 2000
(Cth), r. 7.10);

c.  the ability to convene meetings to ascertain the wishes of creditors and
contributories of the Company (Corporations Act, § 488(1)(a), *Federal
Court (Corporations) Rules* 2000 (Cth), r. 7.10); and

- 15 -

    d.  the power to do all such other things as are necessary for the winding up of the affairs of the Company and distributing the Company's property (Corporations Act, § 477(2)(m)).

**E.    The Liquidator's Actions are Subject to Court Supervision**

36.    The Liquidator may, at any time, apply to the Court for directions in relation to any question arising under the winding up (IPSC, §§ 90-15(1), 90-15(3)(a) and 90-20(1)(d)).

37.    If it appears that the Liquidator has not properly performed any of his duties (as discussed above), the Court may, on its own initiative or on an application by a person with a financial interest in the Company's liquidation or by ASIC, enquire into the Liquidator's actions and make consequential orders, including (without limitation) an order that the Liquidator be personally liable to make good any loss sustained by the Company because of the Liquidator's breach of duty (IPSC, §§ 90-5, 90-10, 90-15(1), 90-15(3)(e) and 90-15(6)).

38.    Any person who is financially interested in the Company's liquidation may apply to the Court for an order in relation to the liquidation of the Company. The Court has broad powers to make any orders as it thinks fit, including (without limitation) orders determining any question arising in the liquidation (IPSC, §§ 90-15 and 90-20(1)(a)).

39.    The Liquidator, who was appointed by the Court, may be removed by the Court (IPSC, §§90-15(1) and 90-15(3)(b)). Further, the Liquidator's remuneration may, in the absence of an approval by the Company's committee of inspection or its creditors, be determined by the Court (IPSC, § 60-10(1)(c)). The Court may review the Liquidator's remuneration (IPSC, § 60-11) and order that a liquidator repay remuneration to the Company, or the creditors of the Company (IPSC, §§ 90-15(1) and 90-15(3)(f)).

## F.    Procedure for Proof of Debt

40.    A liquidator may advertise, on a website maintained by ASIC, a day at least 14 days after the notice is advertised on which a creditor may submit particulars of his or her debt or claim (a "Proof of Debt"): reg 5.6.39, *Corporations Regulations 2001* (Cth) (the "Corporations Regulations").

41.    The Corporations Regulations are a piece of subordinate legislation of the Federal Parliament of Australia.

42.    The duty of a liquidator is not to merely advertise for creditors, but to also write to creditors of whose existence he or she is aware, and who do not send in claims, to enquire if they have any claim (*Harry Goudias Pty Ltd v Port Adelaide Freezers Pty Ltd* (1992) 7 ACSR 303).

43.    A liquidator is required to admit (in whole or in part), reject or require further evidence in support of a proof of debt within 28 days of receiving a written request from a creditor to do so, or such longer period as allowed by ASIC (reg. 5.6.53, Corporations Regulations).  If no determination is made within the requisite time frame, the creditor is entitled to apply to the Court for it to deal with the Proof of Debt (reg. 5.6.53(2), Corporations Regulations).

44.    A liquidator who rejects a Proof of Debt must, within seven days of rejection, notify the creditor of the ground(s) for this rejection and inform the creditor that an appeal to the Court may be made within a period (set out in the notice) of not less than 14 days after receiving the grounds for rejection (reg. 5.6.54, Corporations Regulations).

45.    The creditor may then appeal to the Court under IPSC §§ 90-15(1) and 90-20(1)(a) (referred to at paragraph 38 above) and/or Corporations Regulations reg 5.6.54(2). Such an appeal to the Court is a hearing *de novo* and, therefore, either party is entitled to adduce fresh evidence.

46.    In making a decision on a Proof of Debt, a liquidator is said to act in a 'quasi-judicial' capacity (*Tanning Research Laboratories Incorporated v O'Brien* (1990) 169 CLR 332; *Re Chevron Furnishers Pty Ltd (in liq) No 2* [1993] QCA 568; *Qld Amalgamated Industries Pty Ltd v Harris* (1993) 12 ACSR 565).

**G.    Examinations under sections 596A or 596B of the Corporations Act**

47.    On an application by the Liquidator, the Court is required under the Corporations Act § 596A to summon certain current or former officers of the Company (including those who were officers during the 2 years prior to the commencement of the winding up), to attend an examination concerning the examinable affairs of the Company.

48.    Under the Corporations Act § 596B, on the application of the Liquidator (or other "eligible applicant") the Court has a discretion to issue summonses to certain other persons to be examined. Summonses may be issued to any persons who have taken part in, or may be able to give information about, the Company's examinable affairs. "Examinable affairs", in relation to a Company, are:

        a.    the promotion, formation, management, administration or winding up of the Company;

        b.    any other affairs of the Company; or

- 18 -

    c.  the business affairs of a connected entity of the corporation, insofar as they

        are, or appear to be, relevant to the Company or to anything that is included

        in the Company's examinable affairs because of paragraph a. or b. above,

        (Corporations Act, § 9).

49.    The Liquidator may use the examination process to extract information concerning a Company's affairs and to ascertain whether there are causes of actions that can be initiated. The Liquidator may also examine a person if it is necessary to obtain answers to questions on oath and have those answers recorded in Court transcripts, which, if signed by the examinee, may be used as evidence in future proceedings (including recovery proceedings) against the examinee.

50.    Both the examinee and any other person (even if not summoned) may be required, by order for production, to produce relevant books and records at the examination, in order to assist the obtaining of information from the examinee (Corporations Act, § 597(9) and rule 30.34 of the *Federal Court Rules* 2011 (Cth)).

51.    Examinations are generally held in public. Examinees are entitled to legal representation and may be asked any question about the Company and its examinable affairs which the Court thinks appropriate (Corporations Act, § 597(4) & (5B)).

52.    The Court registrar presiding over an examination will ensure that the examination is conducted in a fair and balanced manner. Unfair or irrelevant questions (including questions which do not relate to the "examinable affairs" of the Company) may be disallowed.

53.    The examinee must not, without reasonable excuse, make a false or misleading statement or refuse or fail to:

- 19 -

      a.   take an oath or affirmation;

      b.   answer any question which he is directed by the court to answer; or

      c.   produce books which were required by any order for production,

(Corporations Act, § 597(7)).

54.     Whilst an examinee is not excused from answering a question on the ground that the answer might tend to incriminate, he may nevertheless assert legal professional privilege (if available) in relation to his responses.

55.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 29th day of September, 2021 at Sydney, New South Wales, Australia.

Tobin P. Meagher

- 20 -